**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr., #725**
**Beverly Hills, CA 90212**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**abacon@attorneysforconsumers.com**
**Attorneys for Plaintiff**

*Attorneys for Plaintiff, BEAU BRIONES, and all others similarly situated*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU BRIONES, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>FITNESS INTERNATIONAL, LLC; FITNESS & SPORTS CLUBS, LLC; LAF CANADA COMPANY dba L.A. FITNESS AND PRO RESULTS, and does 1-20,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>(1)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*)<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3)  Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br>(4)  Violation of Electronic Funds Transfer Act (15 U.S.C. §1693 *et seq.*)<br>(5)  Violation of Health Studio Services Contract Act (Civ. Code §1812.80 *et seq.*)<br>(6)  The Tort of Conversion of Personal Property<br>(7)  Violation of Financial Elder Abuse Act (Welf & Inst. Code §15610.30)<br><br>**Jury Trial Demanded** |

Plaintiff BEAU BRIONES ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendants FITNESS INTERNATIONAL, LLC; FITNESS & SPORTS CLUBS, LLC; LAF CANADA COMPANY dba L.A. FITNESS AND PRO RESULTS, to stop Defendants' practice of cheating consumers out of thousands of dollars each and to obtain redress for a nationwide class of consumers ("Class Members") who purchased, within the applicable statute of limitations period, the products from Defendants (hereinafter collectively referred to as the "Class Products"). Plaintiff is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

2. Defendant FITNESS INTERNATIONAL, LLC is a California limited liability company and is engaged in the business owning and operating fitness and training facilities open to the public with its headquarters and principle place of business in California. Defendant FITNESS INTERNATIONAL, LLC is a Health Studio within the meaning of California Civil Code § 1812.80 *et seq*.

3. Defendant FITNESS & SPORTS CLUBS, LLC is a Delaware limited liability company and is engaged in the business owning and operating fitness and training facilities open to the public with its headquarters and principle place of business in California. Defendant FITNESS & SPORTS CLUBS, LLC is a Health Studio within the meaning of California Civil Code § 1812.80 *et seq*.

4. Defendant  LAF Canada Company is a Canadian Company and is engaged in the business owning and operating fitness and training facilities open to the public with its headquarters and principle place of business in Alberta, Canada. Defendant LAF Canada Company is a Health Studio within the meaning of California Civil Code § 1812.80 *et seq*.

5. Defendants pressured consumers into signing agreements for

CLASS ACTION COMPLAINT

yearlong gym memberships by misleading consumers into believing that they were only obtaining and obligated to pay for one month membership.

6.    Plaintiff and others similarly situated signed these agreements.

7.    Defendants would then proceed to take large amounts of money from Plaintiff and others similarly situated which these consumers did not authorize.

8.    Defendants misrepresented and falsely advertised to Plaintiff and others similarly situated the content of the agreements that Defendants pressured Plaintiff and others similarly situated to sign.

9.    Defendants' misrepresentations to Plaintiff and others similarly situated caused them to enter into agreements, which Plaintiff and others similarly situated would not have entered absent these misrepresentations by Defendants and its employees. In so doing, Defendants have violated California consumer protection statutes and stole hundreds of thousands, if not millions, of dollars.

## JURISDICTION AND VENUE

10.    This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

11.    This matter is properly venued in the United States District Court for the Central District of California, because a substantial portion of the events giving rise to Plaintiff's claims took place in this district.

12.    There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any Defendants, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

13.     In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

**THE PARTIES**

14.     Plaintiff BEAU BRIONES is a citizen and resident of the State of California, County of Los Angeles.

15.     Plaintiff alleges, on information and belief, that Defendants' marketing campaigns, as pertains to this matter, were created by Defendants in California, and were disseminated from California, nationwide.

16.     Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendants' sales of memberships are governed by the controlling law in the state in which they do business and from which the sales or products and products, and the allegedly unlawful acts originated, which is California.

17.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

18.     Plaintiff is informed and believes, and thereon alleges, that said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

19.     At all relevant times, Defendants ratified each and every act or

1   omission complained of herein. At all relevant times, Defendants, aided and

2   abetted the acts and omissions as alleged herein.

3                              **FACTUAL ALLEGATIONS**

4        20.    Plaintiff had a one year membership (the "Membership") in

5   Defendants' health and exercise facility located at _____. The

6   membership expired in November 2014, at which time Plaintiff notified

7   Defendants that he did not wish to renew or continue his membership.

8        21.    Defendants' Sales Representative Villasenor ("Villasenor"), using

9   high pressure sales techniques on the Plaintiff, persuaded Plaintiff to "take one

10  extra month" (the "extra-month" membership) at the same monthly price of

11  $140.00 which he had paid under his prior, expired membership.

12       22.    The Sales Representative then presented Plaintiff with a hand-held

13  electronic device, and instructed Plaintiff to sign on the signature line which

14  appeared on the screen. The screen showed only the signature line and was

15  otherwise blank. Plaintiff was given a stylus which he used to sign precisely on

16  the signature line, never rising above it, it in a completely level, horizontal manner.

17       23.    Prior to affixing his signature to the blank screen, Plaintiff was not

18  presented with a written document stating any of the terms of his continued

19  membership, which had been advertised to Plaintiff as "one extra month".

20       24.    Plaintiff did not then, nor ever, authorize Defendant to make an

21  electronic withdrawal from his bank account in payment of the cost of the extra

22  month membership. Further, Defendant never signed a written authorization for

23  Defendants to make any electronic withdrawal from his bank account

24       25.    The next day Plaintiff gave Villasenor the $140.00 payment in cash,

25  consisting of one $100 bill and two $20 bills.

26       26.    Notwithstanding payment of the $140.00 agreed upon cost of the

27  extra month membership, from November 2014 through March 2015, Defendants

28

CLASS ACTION COMPLAINT

1   electronically debited Plaintiff's bank account $110.00 every other week.

2       27.    After approximately three weeks had expired of his extra-month

3   membership, Plaintiff noticed that Defendants had electronically debited his bank

4   account for $110.00, over and above the $140.00 Plaintiff had paid in cash to

5   Villasenor.

6       28.    Plaintiff immediately contacted Defendants, disputed the automatic

7   withdrawal and asked Defendants to reverse the withdrawal.

8       29.    Defendants responded that Plaintiff had signed a 52-week written

9   agreement (the "Agreement") for a total amount of $2860.00, which authorized

10  the electronic withdrawal at the rate of $110.00 every two weeks. Defendants

11  further told that he could only cancel the contract if he became disabled. Defendant

12  then provided Plaintiff, for the first time, with a copy of the Agreement. A true

13  and correct copy of the Agreement is attached hereto as Exhibit A and incorporated

14  by reference.

15      30.    In fact, Plaintiff had never seen this Agreement before, and had never

16  signed it.

17      31.    Plaintiff never provided Defendants with any written or oral

18  authorization to deduct money electronically from his bank account

19      32.    Plaintiff is informed and believes and on that basis alleges that

20  Defendants transferred Plaintiff's signature on the blank hand-held device and

21  affixed it to the multipage Agreement without Plaintiff's knowledge or consent.

22      33.    After the expiration of the extra month membership period, Plaintiff

23  stopped using and never again used Defendants' facilities.

24      34.    Defendants continued for at least 4-5 months to make bi-weekly

25  electronic withdrawals of $110.00 from Plaintiff's bank account, without

26  Plaintiff's authorization.  Such unauthorized debits from Plaintiff's bank account

27  by Defendant continued until at March 3, 2015.

28

35.     Over this period of time, Plaintiff continued to dispute the unpermitted electronic withdrawals and to seek reversals of the sums taken, but without success

36.     Defendants never provided Plaintiff with a written or electronic document authorizing any of the recurring electronic withdrawals, and Plaintiff never signed any such authorization.

37.     Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.\

38.     At all relevant times, Plaintiff's membership to Defendants' physical fitness and exercise facility was for the purposes of instruction, training, assistance in physical culture, body building, exercising and general physical health and well-being.

39.     Plaintiff was never provided a written agreement for services prior to affixing his signature to the blank electronic screen.

40.     Plaintiff was not provided with a written agreement at the time he signed the blank electronic screen.

41.     Plaintiff was not provided with a description of the services, facilities, and hours of access to which he would be entitled prior to the time he signed the blank electronic screen.

42.     Plaintiff was never informed in writing of the length and cost of the term of health care services prior to signing the blank electronic screen.

43.     Plaintiff was never informed of his right to cancel the agreement prior to signing the blank electronic screen.

44.     Plaintiff was never provided in writing with any notice of any terms of the agreement prior to signing the blank electronic screen.

45.     At all times relevant to this complaint, Plaintiff was over the age of

CLASS ACTION COMPLAINT

65 and an elder adult.

46.    At all times relevant to this complaint, Defendants knew or should have known that Plaintiff was over the age of 65 and an elder adult.

47.    By their conduct as set forth above, Defendants intentionally appropriated, obtained, retained and deprived Plaintiff of his personal property of Plaintiff with the intent to defraud Plaintiff.

48.    At all relevant times, as set forth above, Defendants wrongfully took, appropriated, and obtained Plaintiff's personal property rights. ,

49.    At all relevant times, Defendants knew or should have known that their conduct set forth above was likely to be harmful to Plaintiff.

50.    At all relevant times, Defendants have been guilty of recklessness, oppression, fraud, and malice in the commission of the financial elder abuse of Plaintiff.

51.    When, in November 2014, Plaintiff told Defendants he did not wish to continue his expiring one year membership,  Defendants falsely advertised to Plaintiff that he could sign up for "an extra-month" at his previous rate of $140.00. In fact, such a membership was not available to Plaintiff.

52.    Defendants falsely represented to Plaintiff that he would have no obligation to Defendants following the expiration of the extra month membership. Defendant further falsely represented that Plaintiff would be required to pay only $140.00 for the extra month membership.

53.    When Defendants advertised the availability of the extra month membership, Defendants had no intent so sell Plaintiff such a membership, but always intended to sell Plaintiff a 52 week membership at a higher price than was quoted to Plaintiff.

54.    At the time of the agreement, Defendants and its agents made various abiding representations to Plaintiff, including but not limited to promises that

Plaintiff was only signing up for one month membership and was only obligated to pay for that one month.

55.    For this reason, Plaintiff was induced to and eventually decided upon signing an agreement with Defendants.

56.    However, despite the representations of Defendants, the agreement was for one year membership.

57.    Upon learning this, Plaintiff felt ripped off and cheated by Defendants.

58.    Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

59.    Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendants' memberships.

60.    In purchasing these memberships, Plaintiff relied upon Defendants' representations.

61.    Plaintiff would not have purchased the product if he knew that the above-referenced statements made by Defendants were false.

62.    Had Defendants properly marketed, advertised, and represented the true nature of these agreements Plaintiff would not have signed the agreement.

63.    Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

64.    At all relevant times, the conduct of Defendants as set forth herein has been willfully misleading, fraudulent, false and oppressive.

## CLASS ACTION ALLEGATIONS

65.    Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

66.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

67.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

68.     Plaintiff also seeks to represent the subclass (the "California Class") as defined as follows:

> All persons in California whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

69.     As used herein, the term "California Class Members" shall mean and refer to the members of the California Class described above.

70.     Plaintiff also seeks to represent the subclass (the "Elder Class") as defined as follows:

> All persons 65 years of age or older in California whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

71.     As used herein, the term "Elder Class Members" shall mean and refer to the members of the Elder Class described above.

72.     Excluded from the Class, the California Class, and the Elder Class (collectively, the "Classes") are Defendants, its affiliates, employees, agents, and attorneys, and the Court.

73.     Plaintiff reserves the right to amend the Classes, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

74.     Upon information and belief, the proposed Classes are each composed of thousands of persons. The members of the Classes are so numerous

that joinder of all members would be unfeasible and impractical.

75.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between members of the Classes and Defendants.

76.    Rather, there are common questions of law and fact as to the members of the Classes that predominate over questions affecting only individual members, including but not limited to:

(a)    Whether Defendants engaged in unlawful, unfair, or deceptive business practices in selling gym memberships to Plaintiff and other members of the Classes;

(b)    Whether Defendants made misrepresentations with respect to the gym memberships sold to consumers;

(c)    Whether Defendants profited from the sale of the gym memberships;

(d)    Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;

(e)    Whether the members of the Classes entered into agreements with Defendants to have automatic, or recurring, electronic payments drawn from their personal accounts to be paid to Defendants;

(f)    Whether Defendants requested, or provided, members of the Classes with written agreements memorializing the automatic or recurring electronic payments;

(g)    Whether the members of the Classes provided either a written or electronic signature authorizing the automatic or recurring electronic payments;

CLASS ACTION COMPLAINT

(h)     Whether the members of the Classes were provided with, or executed, written agreements memorializing the automatic or recurring electronic payments;

(i)     Whether Defendants took unauthorized payments from accounts of members of the Classes;

(j)     Whether Plaintiff and members of the Classes are entitled to equitable and/or injunctive relief;

(k)     Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and members of the Classes; and

(l)     The method of calculation and extent of damages for Plaintiff and members of the Classes.

77.    Plaintiff is a member of the classes he seeks to represent.

78.    The claims of Plaintiff are not only typical of all members of the Classes, they are identical.

79.    All claims of Plaintiff and the Classes are based on the exact same legal theories.

80.    Plaintiff has no interest antagonistic to, or in conflict with, the Classes.

81.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Classes, because Plaintiff signed an agreement with Defendants during the Class Period. Defendants' unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all members of the Classes as demonstrated herein.

82.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent himself and the Classes.

CLASS ACTION COMPLAINT

83.     Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

### -- The Class --

84.     Plaintiff incorporates by reference each allegation set forth above.

85.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those products, professional or otherwise, so advertised at the price stated therein, or as so advertised."

86.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written or oral statements.

87.     Defendants misled consumers by making misrepresentations and untrue statements about its gym membership agreements, namely, Defendants sold the agreements advertised to be one month long and charge for this amount fully knowing and intended to lock consumers into one year agreements and charge them a much higher amount, and made false representations to Plaintiff and other putative members of the Classes in order to solicit these transactions.

88.     Defendants knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other members of the Classes.

89.     As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the other members of the Classes have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendants' representations regarding the membership agreements. In reasonable reliance on Defendants' false advertisements, Plaintiff and other members of the Classes signed agreements. As a result, Plaintiff and other members of the Classes ended up signing agreements that they believed to be for one month when they were in fact for one year and therefore Plaintiff and other members of the Classes have suffered injury in fact.

90.     Plaintiff alleges that these false and misleading written representations made by Defendants constitute a "scheme with the intent not to sell that personal property or those products, professional or otherwise, so advertised at the price stated therein, or as so advertised."

91.     Defendants advertised to Plaintiff and other putative members of the Classes, through written and oral representations and omissions made by Defendants and its employees, that the memberships would be as claimed.

92.     Defendants knew that the memberships were not in fact what they claimed them to be.

93.     Thus, Defendants knowingly sold memberships to Plaintiff and other putative members of the Classes that were different than they claimed to be.

94.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the members of the Classes in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendants' conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all

members of the Classes of Defendants' revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

## -- The Class --

95.   Plaintiff incorporates by reference each allegation set forth above.

96.   Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a Defendants' business practices and the alleged harm--that is, evidence that the Defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendants' conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

97.   California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct

CLASS ACTION COMPLAINT

which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

98.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

99.     Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendants' decision to sell them gym memberships that were different than what they were claimed to be. Thus, Defendants' conduct has caused substantial injury to Plaintiff and the members of the Classes.

100.   Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer. Such deception utilized by Defendants convinced Plaintiff and members of the Class that the memberships being provided were for only one month in order to induce them to spend money on said memberships. In fact, knowing that the memberships being provided to Plaintiff and other putative members of the Classes were different than advertised, Defendant unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Classes is not outweighed by any countervailing benefits to consumers.

101.   Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendants, falsely represented the agreements, these consumers suffered injury in fact due to Defendants' sale of the memberships to them. Defendants failed to take reasonable steps to inform Plaintiff and members of the Classes that the memberships were in fact for a year, including failing to provide an opportunity

CLASS ACTION COMPLAINT

to Plaintiff and members of the Class to read and review the accurate agreement terms prior to the signing of the agreement. As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the members of the Classes to purchase its products. Therefore, the injury suffered by Plaintiff and members of the Classes is not an injury which these consumers could reasonably have avoided.

102. Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

103. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

104. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

105. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendants. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they provided the products, even though the products contained no such feature. Plaintiff's reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

106. As explained above, Defendants deceived Plaintiff and other members of the Class by misrepresenting the agreements.

107. Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

108. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

109. As explained above, Defendants deceived Plaintiff and other members of the Classes by representing the agreements as being only for one month when they were in fact for a whole year.

110. Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and members of the Class to purchase gym memberships, in violation of California Business and Professions Code Section 17500, et seq. Had Defendants not falsely advertised, marketed or misrepresented the agreements, Plaintiff and members of the Classes would not have purchased the gym memberships. Defendants' conduct therefore caused and continues to cause economic harm to Plaintiff and members of the Classes.

111. These representations by Defendants are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

112. Defendants has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and members of the Classes to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and members of the Classes seek an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct its actions.

**THIRD CAUSE OF ACTION**

**Violation of Consumer Legal Remedies Act**

**(Cal. Civ. Code § 1750 *et seq.*)**

**-- The Class --**

113.   Plaintiff incorporates by reference each allegation set forth above. herein.

114.   Defendants' actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendants violated the following provisions of the CLRA:

> a. Representing that goods or products have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or he does not have. Cal. Civ. Code § 1770(5);

> b. Representing that goods or products are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code § 1770(7);

> c. Advertising goods or products with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

> d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

> e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

115.   On or about June 25, 2015, through their Counsel of record, using certified mail with a return receipt requested, Plaintiffs served Defendants with notice of its violations of the CLRA, and asked that Defendants correct, repair, replace or otherwise rectify the goods and products alleged to be in violation of the CLRA; this correspondence advised Defendants that they must take such

action within thirty (30) calendar days, and pointed Defendants to the provisions of the CLRA that Plaintiffs believe to have been violated by Defendants. Defendants have not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## FOURTH CAUSE OF ACTION

### Violation of the Electronic Funds Transfer Act

### (15 U.S.C. 1693 *et seq.*)

116.   Plaintiff incorporates by reference each allegation set forth above.

117.   Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

118.   Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

119.   Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

120.   Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable."  *Id.* at ¶10(b), comment 6.

121.   In multiple instances, Defendants have debited the bank accounts of

Plaintiff and members of the Classes on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from the accounts of Plaintiff members of the Classes, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

122.   In multiple instances, Defendants have debited bank accounts of Plaintiff and members of the Class on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## FIFTH CAUSE OF ACTION

### Violation of Health Studio Services Contract Act

### (Cal. Civ. Code § 1812.81)

### -- The Class --

123.   Plaintiff incorporates by reference each allegation set forth above.

124.   Defendants' facility is a health studio within the meaning of California Civil Code § 1812.81.

125.   California Civil Code § 1812.82 requires every contract for health studio services shall be in writing and also that a written copy shall be given to the consumer at the time he signs the contract.

126.   Cal. Civ. Code § 1812.83 requires that a contract for health studio services shall include a statement printed in a size at least 14-point type that discloses the length of the term of the contract. This statement shall be placed above the space reserved for the signature of the buyer.

127.   Cal Civ Code § 1812.85 requires that the contract shall provide a description of the services, facilities, and hours of access to which the consumer

is entitled.

128.   Cal. Civ Code § 1812.85 (b)(1) requires that every contract for health studio services shall, in addition, contain on its face, a conspicuous statement in a size equal to at least 10-point boldface type, as follows: "You, the buyer, may cancel this agreement at any time prior to midnight of the fifth business day of the health studio after the date of this agreement.

129.   Defendants failed to enter into a written contract with Plaintiff for Plaintiffs' post-November 2014 membership, and failed to provide Plaintiff with a written contract at the time he signed the blank electronic screen.

### SIXTH CAUSE OF ACTION

### Conversion

### -- The Class --

130.   Plaintiff incorporates by reference each allegation set forth above.

131.   At all relevant times Plaintiff owned the funds in bank account number _____ at XYZ Bank located at _____.

132.   During the period from November 2014 through March 2015, Defendants electronically withdrew the sum of $110.00 every other week from Plaintiff's Account without permission or authorization from Plaintiff.

133.   Without Plaintiff's consent, Defendants intentionally deprived Plaintiff from the funds in his account.

134.   At all times relevant hereto, Defendants acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of Plaintiff.

135.   As a proximate result of Defendants' actions, Plaintiff was deprived of her vehicle, incurred expense for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and mental distress.

**SEVENTH CAUSE OF ACTION**

**Violation of Financial Elder Abuse Act**

**(Welf. & Inst. Code § 15610.30)**

**-- The Elder Class --**

136. Plaintiff incorporates by reference each allegation set forth above.

137. Cal. Welf. & Inst. Code § 15610.27 defines an "Elder" as any person residing in this state, 65 years of age or older.

138. Cal. Welfare & Institutions Code § 15610.30 (a) (1) states that financial abuse of an elder occurs when a person or entity takes, secretes, appropriates, obtains, or retains personal property of an elder for a wrongful use or with intent to defraud, or both.

139. Financial Elder Abuse also occurs under Cal. Welfare & Institutions Code § 15610.30 (a) (2) when a person or entity assists in taking, secreting, appropriating, obtaining, or retaining personal property of an elder for a wrongful use or with intent to defraud, or both.

140. Defendants committed and assisted one another in committing financial elder abuse when they fraudulently affixed an image of Plaintiffs' signature to a contract which was not presented to Plaintiff and which Plaintiff did not read; and, relied on this fraudulent agreement to withdraw Plaintiff's personal funds from Plaintiff bank account without Plaintiff's agreement or authorization

141. Cal. Welfare & Institutions Code § 15610.30 (b) establishes that a person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder.

142. Defendants committed financial elder abuse because they knew that

their wrongful conduct was likely to be harmful to Plaintiff.

143.   Cal. Welfare & Institutions Code § 15610.30 (c) establishes that a person or entity takes, secretes, appropriates, obtains, or retains personal property when an elder is deprived of any property right, including by means of an agreement.

144.   Defendants committed financial elder abuse because they deprived Plaintiff of the right to use his personal funds which were wrongfully withdrawn from Plaintiff's account.

## MISCELLANEOUS

145.   Plaintiff and members of the Classes allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

146.   Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

147.   Plaintiff, on behalf of himself and the Classes, requests the following relief:

        (a)    An order certifying the Classes and appointing Plaintiff as Representative of the Classes;

        (b)    An order certifying the undersigned counsel as Class Counsel;

        (c)    An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

        (d)    An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

        (e)    Actual damages suffered by Plaintiff and members of the Classes as applicable or full restitution of all funds acquired

from Plaintiff and members of the Classes from the sale of misbranded Class Products during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and members of the Classes may be justly entitled as deemed by the Court.

Dated: January 12, 2016          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff BEAU BRIONES

CLASS ACTION COMPLAINT